### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STUART AULD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GREAT PLAINS TECHNICAL )<br>SERVICES INC., et al., )<br>)<br>Defendants. ) | Case No: 20-cv-2345-JAR-TJJ |

### ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff commenced this action *pro se* on February 20, 2020 by filing a Complaint (ECF No. 1-2) in the United States Court for the Western District of Missouri. On July 10, 2020, the case was transferred to this District pursuant to an order granting Defendant Great Plains Technical Services Inc.'s Motion to Transfer Venue. (*See* ECF Nos. 41, 42) At the time of transfer, Plaintiff had twice amended his complaint, and the operative complaint is entitled "Amended Complaint (Corrected)" (ECF No. 15). Plaintiff asserts six counts arising out of his employment and the termination thereof: (1) violations of Kansas Wage Payment Act, FLSA and common law; (2) unilateral breach of express and implied oral and written bilateral agreements; (3) violations of ERISA; (4) fraud, conspiracy and collusion; (5) declaratory judgment; and (6) Title VII, KS Act Against Discrimination and the KS Age Discrimination in Employment Act.[1] Plaintiff names Great Plains Technical Services Inc., CBRE Inc., and Sprint Corporation as Defendants. This matter comes before the Court on Plaintiff's Motion for Expedited Appointment of Legal Counsel (ECF No. 47).

---

[1] Plaintiff also asserted a seventh count entitled "Request for Court to Appoint Legal Counsel." No ruling was made on that request while the case was pending in the Western District of Missouri.

1

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] Instead, courts considering requests for the appointment of counsel in civil actions generally look to the *in forma pauperis* statute, 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[4] In determining whether to appoint counsel under § 1915(e)(1), the district court may consider a variety of factors, including: (1) the litigant's ability to retain counsel, (2) the merits of the litigant's claims, (3) the nature of the factual issues raised in the claims, (4) the litigant's ability to present his/her claims, and (5) the complexity of the legal issues raised by the claims.[5] The burden is on Plaintiff to convince the Court that his claim has sufficient merit to warrant the appointment of counsel.[6] In this instance, the Court examines Plaintiff's complaint to determine whether he satisfies his burden. Plaintiff's complaint does not provide a sufficient basis for the Court to find that this action warrants appointment of counsel.

While it appears from plaintiff's motion that he has been diligent in his efforts to find an attorney to represent him, other factors weigh against appointing counsel. A review of the papers

---

[2] *Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[3] *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008); *Winston v. Simmons*, No. 01-3335-KHV, 2003 WL 21418359, at *8 n.7 (D. Kan. June 18, 2003).

[4] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C. § 1915(e)(1)).

[5] *Lane v. Brewer*, 2008 WL 3271921, at *5-6.

[6] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

prepared and filed by plaintiff indicates he is able to adequately communicate to the court the pertinent facts giving rise to his claims and present his case without the aid of counsel, particularly given the liberal standards governing *pro se* litigants. Plaintiff also filed charges of discrimination with the Equal Employment Opportunity Commission and the Kansas Human Rights Commission in which he articulated his claims.  Although Plaintiff asserts several counts, it does not appear that this case presents any atypical or complex legal issues. And although this case names three Defendants, the same substantive factual allegations apply to all three. The Court is confident that the district judge who is assigned to this case will have little trouble discerning the applicable law. In the end, the court concludes that this is not a case in which justice requires the appointment of counsel.

Because Congress did not provide any mechanism for compensating appointed counsel, the Tenth Circuit cautions the "[t]houghtful and prudent use of the appointment power . . .  so that willing counsel may be located without the need to make coercive appointments."[7] Indeed, the court rarely grants motions for appointment of counsel in civil matters.

The Court has reviewed Plaintiff's Motion for Expedited Appointment of Legal Counsel under the applicable standards.  Based on the Court's review of the motion, along with the Amended Complaint (Corrected), the Court finds that Plaintiff has shown financial inability to pay for counsel and diligence in attempting to secure counsel.  However, where the complaint and attachments thereto provide the only basis upon which the Court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel at this time.

---

[7] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Expedited Appointment of Legal Counsel (ECF No. 47) is DENIED.

Dated this 13th day of August, 2020 in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge