IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STUART AULD, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No: 20-cv-2345-HLT-TJJ |
| | ) |
| GREAT PLAINS TECHNICAL | ) |
| SERVICES INC., et al., | ) |
| | ) |
|        Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Both Magistrate and Trial Judge to Review Proposed Settlement Negotiations for Fairness, Legalities and Resolve Any Impasses or Changes Necessary on Amounts Paid per Defendant, on Disputed Terms and Conditions, as Well as Modify Any Dates Necessary on Scheduling Order(s) (ECF No. 107).[1] Defendant Great Plains Technical Services, Inc. opposes the motion (ECF No. 111),[2] as do Defendants CBRE, Inc. and Sprint/United Management Company in a jointly-filed response (ECF No. 112). Plaintiff did not file a reply, and this motion is now ripe.

On April 12, 2021, mediator Joseph Eischens conducted a mediation with the parties. At its conclusion, Defendants believed the parties had reached a settlement with Plaintiff, and mediator Eischens sent an email to the parties confirming the case was settled. Defendants

---

[1] On June 9, 2021, District Judge Teeter referred the motion to the undersigned for ruling.

[2] Great Plains also asks the Court to strike Plaintiff's motion on the ground that it violates the parties' confidentiality obligations under the mediation agreement and the confidential nature of settlement negotiations. The Court will not strike the motion, but will direct the Clerk's office to redact those portions of the motion the Court has determined contain confidential information.

drafted a proposed settlement agreement, provided it to Plaintiff, and timely filed an ADR Report indicating the case settled at mediation (ECF No. 104). In light of the purported settlement, the undersigned canceled the parties' May 7[3] deadline to submit a proposed Pretrial Order and the May 14 Final Pretrial Conference, and directed the parties to contact her if they had not filed a stipulation of dismissal by May 27 (ECF No. 105). The parties did neither. Instead, on June 1 the undersigned contacted the parties and learned they had encountered challenges in finalizing the settlement agreement. They asked for the Court's assistance, and the undersigned set a Status Conference for June 9 (ECF No. 106). On June 7, Plaintiff filed the instant motion.

During the June 9 conference, the undersigned confirmed that no settlement agreement had been executed. The Court suggested the parties contact the mediator to assist them and allowed the parties more time to negotiate the terms of their written agreement. The Court also re-set the remaining case deadlines in the event a stipulation of dismissal was not filed by July 14. On that date, counsel for Defendants CBRE and Sprint advised the parties were close to finalizing their settlement agreement and asked for an extension of case deadlines, and the next day Plaintiff joined in the request for an extension while expressing doubt about the parties' progress. The Court once again moved the deadlines related to the Final Pretrial Conference as the parties requested. But final agreement remains elusive and the Court has set another Status Conference for August 3, 2021.

During the upcoming Status Conference, the Court will not engage in discussion of the terms of the settlement agreement. Therefore, the Court enters this order for the benefit of the parties in preparing for the Conference.

---

[3] All dates are in 2021.

In his motion, Plaintiff asks the Court to approve the parties' settlement pursuant to the Fair Labor Standards Act (FLSA) and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding that settlement of bona fide dispute for unpaid wages must be scrutinized for fairness before court approves stipulated judgment). But Plaintiff's remaining requests, and the absence of a settlement, demonstrate that is not the extent of his requested relief. His motion also asks the Court to scrutinize the settlement agreement (which doesn't exist) to (1) determine if it is fair to him and reasonable; (2) consider whether the amount any Defendant agrees to pay is fair, legal, and equitable; and (3) intervene with respect to specific terms and provisions. Plaintiff also asks the Court to order Defendants to pay him additional money, in part for attorney's fees to compensate him for his time and efforts similar to the fees an attorney would be due if Plaintiff had an attorney.

Plaintiff cites no authority which would permit the undersigned to become involved in directing the terms of the parties' potential settlement, and Defendants oppose any such involvement. If the parties are able to execute a written settlement agreement, they will then consider whether their settlement requires judicial approval under the FLSA. If they conclude it does, they will need to file the appropriate motion asking the presiding District Court judge to determine whether a bona fide dispute exists and the parties' proposed settlement is fair and equitable.[4] But with no settlement agreement in place, the Court will not insert itself in the parties' negotiations.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Both Magistrate and Trial Judge to Review Proposed Settlement Negotiations for Fairness, Legalities and Resolve Any Impasses or Changes Necessary on Amounts Paid per Defendant, on Disputed Terms and

---

[4] *See, e.g., McMillian v. BP Serv., LLC*, Case No. 19-cv-2665-DDC-TJJ, 2020 WL 969870, at *1 (D. Kan. Feb. 28, 2020).

Conditions, as Well as Modify Any Dates Necessary on Scheduling Order(s) (ECF No. 107) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall redact from ECF No. 107 those portions the Court has determined contain confidential information.

Dated this 2nd day of August, 2021 in Kansas City, Kansas.

Teresa J. James<br>
U. S. Magistrate Judge